IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-CV-00087

COLE KOONS, an incompetent person, by and through his conservator, KRISTIANNE KOONS

Plaintiff,

v.

PERFORMANCE CONTRACTING, INC., a Kansas corporation, and RACHELLE CLARK, individually

Defendants.

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff, Cole Koons, an incompetent person, by and through his conservator, Kristianne Koons, by and through his attorneys, **JORDAN HERINGTON & ROWLEY**, for his Complaint and Jury Demand, states and alleges as follows:

**PARTIES AND JURISDICTION**

1. At all times relevant herein, Plaintiff Cole Koons (hereinafter "Plaintiff") was, and is, a citizen of the State of Colorado, residing at 2112 Arron Drive, Loveland, CO 80537. Plaintiff Cole Koons is an incompetent person and is prosecuting this claim by and through his conservator, Kristianne Koons.

2. Upon information and belief, at all times relevant herein, Defendant Performance Contracting, Inc. (hereinafter "Performance") was, and is, a Kansas corporation, authorized to do business in the State of Colorado, with its principal place of

1

business and corporate headquarters located at 11145 Thompson Avenue, Lenexa, KS 66219; Performance's registered agent is Legal Inc Corporate Services, Inc., located at 1155 Kelly Johnson Blvd., Suite 111, Colorado Springs, CO 80920.

3. Upon information and belief, and all times relevant herein, Defendant Rachelle Clark (hereinafter "Clark") was, and is, a citizen of the State of Arizona, residing at 1131 E. Blueridge Court, Tuba City, AZ 86045.

4. Pursuant to 28 U.S.C.A. § 1332, jurisdiction in a civil action is proper where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states; Plaintiff, a Colorado citizen, herein alleges damages against Defendants Performance and Clark, citizens of Kansas and Arizona, respectively, arising out of a motor vehicle collision causing serious bodily injury, including but not limited to a traumatic brain injury rendering him unable to walk or talk, multiple full body fractures, and multiple internal organ lacerations, requiring extensive and ongoing medical care, resulting in losses well in excess of $75,000, exclusive of interests and costs, and therefore, jurisdiction is proper.

5. Pursuant to 28 U.S.C.A. §1391, venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; here, Plaintiff's claims arising out of Defendants' negligence stem from a motor vehicle collision occurring in the City of Longmont, County of Boulder, State of Colorado, and therefore, venue is proper.

**GENERAL ALLEGATIONS**

6. Plaintiff repeats and re-alleges each and every previous allegation of the *Complaint and Jury Demand* and incorporates the same herein by reference as though

set forth in full.

7. At all times material hereto, Defendant Clark was an employee, contractor, servant, or agent under the control and supervision of Defendant Performance, acting within the scope and course of her employment, performing services for Defendant Performance for the benefit of Defendant Performance, and was the driver/operator of a 2021 Toyota Camry sedan rented through Enterprise Leasing Company of Denver, LLC d/b/a National Car Rental by Defendant Clark when the incident occurred as alleged below. Pursuant to the doctrine of *respondeat superior*, Defendant Performance is legally and vicariously liable as Defendant Clark's employer for any injuries, damages, losses, costs, and other expenses sustained by Plaintiff as a result of Defendant Clark's negligence.

8. This action arises out of a motor vehicle collision occurring on June 11, 2022, at or about 5:56 a.m., in the City of Longmont, County of Boulder, State of Colorado, when Defendant Clark, during the course and scope of her employment with Defendant Performance, negligently, carelessly, recklessly, and without exercising reasonable care, made a left hand turn in front of Plaintiff, who was traveling straight with the right of way, ultimately striking Plaintiff's motorcycle propelling him airborne across the intersection. Defendant Clark was determined to be at fault for the collision by the investigating police department and was ultimately cited for careless driving and failure to yield right of way/left turn.

9. At the time of the subject motor vehicle collision of June 11, 2022, Defendant Clark was knowingly operating her vehicle while distracted in such a physical and/or mental state so as to render the operation of a motor vehicle willful, wanton,

dangerous, reckless, and without regard for the safety of others, including Plaintiff.

10. The sole cause of the subject motor vehicle collision of June 11, 2022 was the careless, negligent, and reckless conduct of Defendant Clark, who failed to exercise reasonable care in avoiding harm to others by virtue of her actions in derogation of applicable motor vehicle statutes, including, but not limited to the Careless Driving Statute and the Reckless Driving Statute. At all times relevant to the motor vehicle collision of June 11, 2022, Plaintiff acted reasonably under the circumstances, was not comparatively at fault, mitigated his damages, and did not suffer from any pre-existing physical and/or emotional conditions, which in any way contributed to his injuries, damages, or losses.

11. As a direct and proximate result of Defendant Clark's negligence giving rise to this action, Plaintiff suffered severe life-threatening physical injuries, including but not limited to a traumatic brain injury rendering him unable to walk or talk, multiple full body fractures, and multiple internal organ lacerations that all required extensive and ongoing medical treatment, including emergent services, continuing in-patient hospitalization, resulting in significant past, present, and future reasonable and necessary medical expenses, as well as costs of transportation to and from medical providers, and other out of pocket expenses.

12. As a direct and proximate result of Defendant Clark's negligence giving rise to this action, Plaintiff has sustained significant pain and suffering, emotional distress, mental anguish, permanent physical impairment, disfigurement, disability, loss of value of his time, loss of enjoyment of his life, and will be prevented from engaging in certain social and recreational activities normal to his lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and

complete life, in addition to other non-economic damages.

13.    As a direct and proximate result of Defendant Clark's negligence giving rise to this action, Plaintiff has also sustained, and will sustain in the future, loss of earnings and loss of earning capacity, and other economic damages, costs, losses, and expenses.

14.    Accordingly, Plaintiff seeks recovery of special, general, and physical impairment damages from Defendant Clark and Defendant Performance for any and all injuries, damages, losses, costs, and other expenses sustained by Plaintiff as a result of Defendant Clark's negligence.

## FIRST CLAIM FOR RELIEF
**(Negligence *against* Rachelle Clark)**

15.    Plaintiff repeats and re-alleges each and every previous allegation of the *Complaint and Jury Demand* and incorporates the same herein by reference as though set forth in full.

16.    On June 11, 2022, at or about 5:56 a.m., in the City of Longmont, County of Boulder, State of Colorado, when Defendant Clark, during the course and scope of her employment with Defendant Performance, negligently, carelessly, recklessly, and without exercising reasonable care, made a left hand turn in front of Plaintiff, who was traveling straight with the right of way, ultimately striking Plaintiff's motorcycle propelling him airborne across the intersection, producing serious bodily injury to Plaintiff, including a traumatic brain injury rendering him unable to walk or talk, multiple full body fractures, and multiple internal organ lacerations, requiring emergent, extensive, and ongoing medical care.

17.    Defendant Clark owed Plaintiff a duty to exercise reasonable care in the

operation of a motor vehicle.

18. Defendant Clark breached her duty to exercise reasonable care in the operation of a motor vehicle by negligently and carelessly operating the aforementioned vehicle in the following respects:

   a. Driving carelessly;
   b. Driving negligently;
   c. Failing to yield the right of way to oncoming traffic;
   d. Making an improper left-hand turn;
   e. Failing to operate the stated vehicle in such a way so as to avoid colliding with other property or persons; and
   f. Generally operating the stated vehicle in a negligent and careless manner.

19. As a direct and proximate result of the negligence of Defendant Clark, as described above, Plaintiff has incurred past and future economic losses, which include but are not limited to the loss of earnings, impairment of earning capacity, loss of home services, and reasonable and necessary past, present, and future medical expenses including, but not limited to emergency care, physician treatment, hospitalization, severe traumatic brain injury treatment and therapy, surgical intervention, prescription medications, and other costs/expenses.

20. As the direct and proximate result of the negligence of Defendant Clark, as described above, Plaintiff has suffered permanent physical impairment and/or disfigurement, including a traumatic brain injury rendering him unable to walk or talk, multiple full body fractures, and multiple internal organ lacerations, as well as past,

present, and future pain and suffering, loss of the value of his time, loss of enjoyment of life, and other non-economic damages. Plaintiff will be prevented from engaging in certain social and recreational activities normal to his lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

21. Accordingly, Plaintiff seeks both general and special damages from Defendant Clark as a foreseeable consequence of the injuries and damages suffered as a result of Defendant Clark's negligence on June 11, 2022, as well as any other costs, losses, and expenses afforded under the law, or that this Court might deem just and proper.

## SECOND CLAIM FOR RELIEF
**(Negligence *per se against* Rachelle Clark)**

22. Plaintiff repeats and re-alleges each and every previous allegation of the *Complaint and Jury Demand* and incorporates the same herein by reference as though set forth in full.

23. Defendant Clark's conduct during the above described collision was in violation of C.R.S. § 42-4-1402, the Careless Driving Statute, C.R.S. § 42-4-1402.5, the Careless Driving Statute to a vulnerable road user, C.R.S. § 42-4-1401, the Reckless Driving Statute, C.R.S. § 42-4-702, the Vehicle Turning Left Statute, as well as other statutes pertaining to traffic regulation or safety. These violations amount to negligence *per se*.

24. Plaintiff suffered the type of harm designed to be protected by the aforementioned and applicable Colorado Revised Statutes and Plaintiff is within the class

of persons designed to be protected by the aforementioned and applicable Colorado Revised Statutes.

25. Defendant Clark's conduct was in derogation of applicable Colorado Statutes and, therefore, constitutes negligence *per se*.

26. As a direct, foreseeable and proximate result of the negligence *per se* of Defendant Clark, as described above, Plaintiff incurred past and future economic losses which include but are not limited to loss of earnings, impairment of earning capacity, loss of home services, and reasonable and necessary past, present, and future medical expenses including, but not limited to, emergent services, emergency care, physician treatment, hospitalization, severe traumatic brain injury treatment and therapy, surgical intervention, prescription medications, and other costs/expenses.

27. As the direct, foreseeable and proximate result of the negligence *per se* of Defendant Clark, as described above, Plaintiff suffered permanent physical impairment and/or disfigurement, including a traumatic brain injury rendering him unable to walk or talk, multiple full body fractures, and multiple internal organ lacerations, as well as past, present, and future pain and suffering, loss of the value of his time, loss of enjoyment of life, and other non-economic damages. Plaintiff will be prevented from engaging in certain social, recreational, and employment activities normal to his lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

28. Accordingly, Plaintiff seeks both general and special damages from Defendant Clark as a reasonably foreseeable consequence of the injuries and damages suffered as a result of Defendant Clark's negligence *per se* on the occasion in question,

as well as any other costs, losses, and expenses afforded under the law, or that this Court might deem just and proper.

### THIRD CLAIM FOR RELIEF
**(Respondeat Superior *against* Defendant Performance Contracting, Inc.)**

29. Plaintiff repeats and re-alleges each and every previous allegation of the *Complaint and Jury Demand* and incorporates the same herein by reference as though set forth in full.

30. Plaintiff is informed and believes that at all times pertinent to this action Defendant Clark was employed by and acting within the course and scope of her employment, contract, or some other agency relationship with Defendant Performance, under the control and supervision of Defendant Performance, and performing services for Defendant Performance for the benefit of Defendant Performance. Pursuant to the doctrine of *respondeat superior*, Defendant Performance is legally and vicariously liable as Defendant Clark's employer, for the injuries, damages, losses, and other expenses sustained by Plaintiff as a result of Defendant Clark's negligence.

31. As a direct, foreseeable, and proximate result of the negligence and negligence *per se* imputed to Defendant Performance, as described above, Plaintiff incurred past and future economic losses which include but are not limited to loss of earnings, impairment of earning capacity, loss of home services, and reasonable and necessary past and future medical expenses including, but not limited to emergent services, emergency care, physician treatment, hospitalization, surgical intervention, severe traumatic brain injury therapy and treatment, prescription medications, and other expenses.

32. As the direct and proximate result of the negligence and negligence *per se* imputed to Defendant Performance as described above, Plaintiff suffered permanent physical impairment and/or disfigurement, including a traumatic brain injury rendering him unable to walk or talk, multiple full body fractures, and multiple internal organ lacerations, as well as past, present, and future pain and suffering, loss of the value of his time, loss of enjoyment of life, and other non-economic damages.  Plaintiff will be prevented from engaging in certain social and recreational activities normal to his lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

33. Accordingly, Plaintiff seeks both general and special damages from both Defendants, including Defendant Performance, as a foreseeable consequence of the injuries and damages suffered as a result of Defendants' negligence and negligence *per se* on the occasion in question consistent with the negligent conduct described above and imputed to Defendant Performance, as well as any other costs, losses, and expenses afforded under the law, or that this Court might deem just and proper.

**WHEREFORE**, Plaintiff requests that judgment be entered in favor of the Plaintiff and against the Defendants in an amount to fairly compensate the Plaintiff for the injuries (as set forth above), costs, court costs, expert witness fees, statutory interest accrued from the date of the subject accident or as otherwise permitted under Colorado law and for such relief as the Court deems proper. Plaintiff prays for the following relief:

(a) For an amount which will reasonably compensate Plaintiff for past, present and future economic loss, including but not limited to past and future medical

expenses, past and future loss of earnings, and any other out of pocket expenses;

(b) For an amount which will reasonably compensate Plaintiff for permanent limitation, injuries, impairment and/or disfigurement, limitations and or disabilities of the body and/or mind;

(c) For an amount which will reasonably compensate Plaintiff for past, present and future non-economic losses, including but not limited to pain and suffering, loss of enjoyment of life and/or the capacity of life;

(d) For all pre- and post-judgment interest as permitted by law;

(e) For costs and fees incurred in the prosecution of the matter and for any other and further relief as the Court may deem just and meet in the premises.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated this 11th day of January 2023.

Respectfully submitted,

**JORDAN HERINGTON & ROWLEY**

*s/ Jason W. Jordan*
Jason W. Jordan
5445 DTC Parkway, Suite 1000
Greenwood Village, CO 80111
Phone: (303) 766-8153
Fax: (303) 766-5568
Email: jason@jordanlaw.com

***Attorneys for Plaintiff***

11